IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R.G., by and through his parent, M.W. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHICHESTER SCHOOL DISTRICT, et al. | : | NO. 24-5333 |

MEMORANDUM

Bartle, J.                                                February 13, 2025

       Plaintiff R.G., by and through his mother M.W., has sued defendant, the Chichester School District, where R.G. is a middle school student, and defendant Jaclyn Schloegel, the school's dean of students, in both her official and individual capacities. R.G.'s federal claims under 42 U.S.C. § 1983 and related state claims arise from his alleged mistreatment because of his disability with diabetes. R.G. seeks compensatory damages against both defendants as well as punitive damages against Schloegel in her personal capacity. Before the court is the motion of Schloegel to dismiss plaintiff's claims for punitive damages against her and to dismiss plaintiff's state-law claims against her in her individual capacity.[1]

---

1. Defendant Chichester School District also moved to dismiss plaintiff's claims for punitive damages and state-law claims. These issues are moot. First, the complaint seeks punitive damages only from Schloegel, not from the School District. Second, plaintiff has now agreed to drop the state-law claims against the School District.

I.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true all well-pleaded facts in plaintiff's complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must plead more than "labels and conclusions." Twombly, 550 U.S. 545. It must plead more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555) (internal quotations and alterations omitted). Instead, it must recite sufficient factual content to state a claim that is plausible on its face. Id. at 678.

II.

The complaint contains the following well-pleaded facts, taken as true for present purposes. R.G. is a student with Type 1 diabetes at the Chichester Middle School. Three disciplinary actions were taken against him because of his medical condition.

The first occurred on or about October 2022. After a classmate allegedly "targeted [R.G.] because of his disability" by dumping milk on his lunch, R.G. retaliated by pouring the same milk onto the classmate's plate. Although R.G informed the School District of the anti-disability animus behind the

2

classmate's harassment, the School District suspended him for his retaliation.

The second disciplinary action took place over one year later after another bullying incident. On or about November 2023, another classmate orally harassed R.G. because of his diabetes. R.G. informed a teacher that the harassment was due to his disability. After the School District failed to take actions to end this harassment, R.G. "felt the need to defend himself" and therefore fought this classmate. Again, the School District suspended him.

Because of his diabetes, R.G. must check his blood sugar levels throughout the day. To do so, R.G. uses an app on his smartphone that monitors his blood sugar levels via a medical device connected to his body. He cites Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, as expressly permitting him to keep his smartphone with him during class.

On a Friday in December 2023, the third and final disciplinary action took place. When Schloegel entered R.G.'s classroom and discovered R.G. on his phone, she told him to put his phone away.[2] After R.G. refused, Schloegel instructed him to give her his phone. R.G. informed Schloegel that he needed his

---

2. Plaintiff avers, somewhat confusingly, that plaintiff told Schloegel that "a student was using their phone" and that, in response, Schloegel told plaintiff to put his phone away. In any event, the point seems to be that Schloegel discovered plaintiff with his phone and told him to put it away.

3

phone to monitor his blood sugar levels, but Schloegel replied the phone was "not [his] property." She then confiscated the phone and refused to return it.

Thereafter, Schloegel called R.G.'s mother and told her that she "had 10 minutes to get to school to pick up his phone because [Schloegel] wanted to go home." R.G.'s mother responded that she was unable to come to the school that quickly. She also reiterated that R.G. needed his phone for his blood sugar. Schloegel responded, "Well then you can pick it up on Monday." Consequently, R.G. was unable to use his phone to monitor his blood sugar levels through the weekend. The School District for the third time suspended R.G. "for insubordination" for refusing to put away his phone.

### III.

R.G. has alleged two federal claims against both the School District and Schloegel for "Enforcement of the ADA"[3] under 42 U.S.C. § 1983 and for "State Created Danger" under the Fourteenth Amendment and Section 1983. He has alleged two state-law claims against Schloegel in her individual capacity for Breach of Fiduciary Duty and for Intentional Infliction of Emotional Distress.[4] As to these four claims, R.G. seeks

---

3. While labeled in the Complaint as "Enforcement of the ADA," Plaintiff's claim amounts to discrimination and denial of benefits under the ADA.
4. The complaint also alleges two federal claims against the School District alone: one for Discrimination and 'denial of

4

compensatory damages against both the School District and Schloegel. He also seeks punitive damages against Schloegel in her individual capacity.

IV.

Schloegel first seeks to dismiss plaintiff's Section 1983 claims for punitive damages. She does not dispute that a school employee, sued in her individual capacity, may be subject to such damages. See Sec. Data Techs., Inc. v. Sch. Dist. Of Phila., 145 F. Supp. 3d. 454, 469 (E.D. Pa. 2015). Rather, she argues that plaintiffs have not sufficiently alleged that Schloegel has acted with the requisite mental state under Section 1983.

Punitive damages are recoverable against a school district employee in her individual capacity "where the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Id. (quoting Smith v. Wade, 46 U.S. 30, 56 (1983)) (quotations omitted). Whether a defendant has acted with this requisite mental state is a fact-intensive issue usually reserved for the trier of fact.

Schloegel maintains that she was not acting with reckless indifference to R.G.'s federally protected rights when

---

Benefits under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and one for Intentional Discrimination under the ADA, 42 U.S.C. § 12132. Those claims are not at issue here.

5

she confiscated his phone because she was merely fulfilling her role as dean and acting in accordance with school policy. The question for present purposes is not whether Schloegel was, in fact, acting with the requisite mental state but rather whether plaintiff has sufficiently pleaded that she was.

He has. The Complaint states more than mere conclusions. Plaintiff avers that Schloegel knew of plaintiff's medical need for his phone and nevertheless confiscated it for an entire weekend because she "wanted to go home" and could not wait for more than "10 minutes" for plaintiff's mother to arrive at the school. As a result, plaintiff was deprived of his ability to monitor his blood sugar for several days. Plaintiff has sufficiently pleaded that Schloegel acted intentionally and with malice.

V.

Schloegel next seeks to dismiss the state-law tort claims for breach of fiduciary duty and intentional infliction of emotional distress on the ground that she has governmental immunity from such claims under Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. § 8541, et seq.

Schloegel argues that the School District is immune and that she, as a municipal employee acting within the scope of her employment, is therefore also immune from suit. Under 42 Pa. Cons. Stat. § 8545,

> [a]n employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.

This includes school district employees. Sanford v. Stiles, 456 F.3d 298, 315 (3d Cir. 2006). Thus, under the general rule, Schloegel is immune from suit if the School District is immune.

Schloegel is correct that the School District is immune from suit. Local agencies, including the School District, are immune from suit unless the suit falls into an exception provided by the General Assembly. 42 Pa. Cons. Stat. § 8541. It has enumerated nine such exceptions under which a local agency may be held liable. They are actions involving: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) dangerous conditions of streets; (7) dangerous conditions of sidewalks; (8) care, custody, or control of animals; and (9) sexual abuse.[5] 42 Pa. Cons. Stat. § 8542. None of the actions of Schloegel or of the School District fall into any of these exceptions.

---

5. While this action does involve personal property, namely plaintiff's phone, plaintiff seems to seek relief on other grounds, as "[t]he only losses for which damages shall be recoverable under this [exception] are those property losses suffered with respect to the personal property in possession or control of the local agency." 42 Pa. Cons. Stat. § 8542(b)(2).

The inquiry as to Schloegel's liability, however, does not end there. The General Assembly has crafted an exception to the general rule that employees are immune to the same extent as their employing local agency. While a local agency may not be liable unless the suit falls into one of the nine enumerated exceptions, its employees may be liable if their actions outside these nine exceptions cause injury and constitute actual malice or willful misconduct. 42 Pa. Cons. Stat. § 8550.

R.G. has alleged willful misconduct as to his state law claim for intentional infliction of emotional distress against Schloegel. "[T]he term 'willful misconduct' is synonymous with the term 'intentional tort.'" Sanford, 456 F.3d at 315. Intentional infliction of emotional distress is an intentional tort. As outlined above, R.G. has sufficiently pleaded facts alleging intentional infliction of emotional distress.

R.G. has also sufficiently pleaded willful misconduct as to his claim for breach of fiduciary duty. In Pennsylvania, "[t]o prevail on a claim of breach of fiduciary duty, a plaintiff must show: 'the existence of a fiduciary relationship between the plaintiff and the defendant, that the defendant negligently or intentionally failed to act in good faith and solely for the plaintiff's benefit, and that the plaintiff suffered an injury caused by the defendant's breach of [her]

8

fiduciary duty." <u>Marion v. Bryn Mawr Trust Co.</u>, 288 A.3d 76, 88 (Pa. 2023) (citing <u>Snyder v. Crusader Servicing Corp.</u>, 231 A.3d 20, 31 (Pa. Super. 2020) (emphasis added).

R.G. avers that Schloegel's breach of her fiduciary duty "constitutes actual fraud, actual malice, or willful misconduct." Again, plaintiff's supporting factual allegations as to Schloegel's behavior are sufficient to allege intentional misconduct.

## VI.

Whether plaintiff will succeed on his claims must await another day. For purposes of the present motion, plaintiff has sufficiently pleaded his claims. Schloegel does not enjoy immunity from these claims, and plaintiff's request for punitive damages against her remain.